# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:07-CV-00155 |
| v. | (JUDGE CAPUTO) |
| NORTHERN ASSOCIATES, INC., LOUIS N. DOMIANO, DEBRA DOMIANO, LOUIS J. DOMIANO, JR., SAFEGUARD WARRANTY COMPANY, INC. and 286 CORPORATION, | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Ford Motor Credit Company's Motion for an Order to Show Cause for an Order of Seizure and Temporary Restraining Order. (Doc. 4-1.) Pursuant to the Pennsylvania Rules of Civil Procedure 1071, 1073 and 1075, and Federal Rule of Civil Procedure 65(b), Plaintiff "moves for the issuance of an Order of Seizure and Temporary Restraining Order to allow it to obtain possession of its contractually and legally secured [c]ollateral . . . and to prevent Defendants from wrongfully transferring or divesting assets to which Plaintiff is entitled." (Doc. 4-1 ¶ 2.) Plaintiff alleges that Defendants have materially breached the terms of their Master Loan and Security Agreement ("MLSA") by, among other things, selling six (6) vehicles which were subject to Plaintiff's security interest without remitting the sales proceeds to Plaintiff (called "sales out of trust"), failing to list Plaintiff as lienholder on vehicle titles, failing to provide Plaintiff's representatives with full and complete access to books and records, failing to allow Plaintiff's representatives access to inspect the collateral and failing to pay

considerable sums due to Plaintiff under the MLSA. (Doc. 4-1 ¶ 6.) Under the terms of the MLSA, in the event of default, Plaintiff is entitled to enter upon Defendants' premises in order to take possession of the Collateral. As such, Plaintiff seeks an Order of Seizure awarding it immediate possession of the Collateral and attorney fees. (Doc. 4-1 ¶ 7.) Because Defendants have allegedly failed to remit lease payments to Plaintiff, or to provide Plaintiff with lease documentation or access to Defendants' books and records, Plaintiff also seeks an Order requiring Defendants to remit all lease payments to Plaintiff, and to provide Plaintiff with all lease documents and full access to Defendants' books and records. (Doc. 4-1 ¶ 8.) Plaintiff also seeks a Temporary Restraining Order enjoining Defendants from taking any action to jeopardize Plaintiff's interest in the collateral (namely, selling motor vehicles without remitting the proceeds to Plaintiff), and to permit the Court to set an early return date on the Order of Seizure. (Doc. 4-1 ¶ 9.)

**I. Replevin Claim**

The ex parte issuance of a writ of seizure is governed by Rule 1075.2 of the Pennsylvania Rules of Civil Procedure. *See Hembach v. Quikpak Corp.*, No. Civ. A. 97-3900, 1998 WL 54737, at *7 (E.D. Pa. Jan. 8, 1998). Under Rule 1075.2,

> After the complaint has been filed, a writ of seizure may be issued by the court ex parte at any time upon motion of the plaintiff, upon the filing of a bond as provided by Rule 1075.3 if plaintiff satisfies the court of the probable validity of the claim to possession and that there is probable cause to believe that before notice can be given or hearing held, (1) the value of the property and the plaintiff's interest therein will be adversely affected by the continued possession and use by the defendant; or (2) the defendant or other person in possession will conceal, dispose, encumber, waste the property or the revenues therefrom, if any, or remove the same from the county.

Pa. R. Civ. P. 1075.2.  Under Rule 1075.3, the plaintiff is required to post a bond double the value of the property to be seized.

Here, Plaintiff has posted a bond in the amount of $1,272,000.00, double the $636,000 due on six (6) vehicles which Defendants have allegedly sold out of trust. (Doc. 8.)  Moreover, Plaintiff has also shown the probable validity of its claim to possession. Under the MLSA, Plaintiff owns a security interest in the collateral – cars, trucks, and other vehicles.  Defendants, by virtue of their selling out of trust are in default. However, Plaintiff has failed to demonstrate that the value of the property or its interest therein will be adversely affected by Defendants' continued possession, or that Defendants will conceal, dispose, encumber or waste the property or revenues therefrom, or remove them from the county.  As such, the ex parte issuance of a writ of seizure is inappropriate.  The Court will, therefore, deny Plaintiff's motion to the extent it seeks an ex parte issuance of a writ of seizure.  However, as Plaintiff has complied with the procedural requirements of the Pennsylvania Rules of Civil Procedure, *see* Pa. R. Civ. P. 1071 *et seq*., to the extent that Plaintiff requests a hearing to determine whether a writ of seizure should issue, Plaintiff's motion will be granted.

**II. Temporary Restraining Order**

The standard to determine whether to grant or deny a temporary restraining order is well known. The Court must consider four factors in making its decision: (1) the likelihood of success that the movant will prevail on the merits at final hearing; (2) the extent to which the movant is irreparably harmed by the conduct complained of; (3) the extent to which other interested persons are harmed; and (4) whether the public interest

is served by the issuance of an injunction. *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 197-98 (3d Cir. 1990).  In certain cases, preliminary relief may be necessary to prevent the dissipation of assets. *United States v. First Nat'l City Bank*, 279 U.S. 378 (1965).  However, when only monetary damages are sought, preliminary relief is generally only available to prevent a defendant from dissipating its assets to the point of becoming judgment-proof. *See Hoxworth*, 903 F.2d at 205 (citing several cases).  Plaintiff has failed to present evidence that demonstrates that a temporary restraining order is necessary to protect a potential monetary judgment in Plaintiff's favor.  As such, Plaintiff has failed to show that it would suffer irreparable injury.  Consequently, the Court will deny Plaintiff's motion for a temporary restraining order.

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's motion (Doc. 4-1) is: (1) **DENIED** to the extent that it seeks an ex parte Writ of Seizure; (2) **DENIED** to the extent that it seeks a Temporary Restraining Order; and (3) **GRANTED** to the extent that it seeks a hearing on its motion for a Writ of Seizure.  Accordingly, a hearing shall be held on Tuesday, February 6, 2007, at 8:30 a.m. at the Max Rosenn United States Courthouse, in Wilkes-Barre, Pennsylvania, as to the issue of whether a Writ of Seizure shall be issued authorizing Plaintiff Ford Motor Credit Company to go upon Defendants' premises and replieve the collateral – i.e., motor vehicles – in which Plaintiff holds a security interest.

| | |
|---|---|
| January 30, 2007 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |